MIELKE *v.* TUCKER.

EXCHANGE OF PROPERTY—RESCISSION — FRAUD — EVIDENCE — SUFFICIENCY.

Where, in a suit for the rescission of a contract for an exchange of property on the ground of fraud, plaintiffs' allegations of fraud were not sustained by a preponderance of the evidence, the suit was properly dismissed.

Cancellation of Instruments, 9 C. J. § 195 (Anno).

Appeal from Macomb; Reid (Neil E.), J.    Submitted November 8, 1927.    (Docket No. 142.)    Decided January 3, 1928.

Bill by Albert Mielke and another against James R. Tucker and another to rescind a contract for an exchange of real property on the ground of fraud. From a decree dismissing the bill, plaintiffs appeal. Affirmed.

*Axford & Hulett,* for plaintiffs.

*Lungerhausen, Weeks, Lungerhausen & Neale,* for defendants.

CLARK, J.    Plaintiffs had title to a small farm in Macomb county, subject to a mortgage of $3,000. They also owned some chattels thereon.    They had lived but a short time on the farm and desired to return to Detroit.    Defendants were purchasers under land contracts of two parcels of land in Detroit on which there was yet to be paid nearly $16,000.    They valued their interests or equities in these properties at approximately $6,000.    An exchange was agreed upon and made.    Defendants gave to boot in cash $650.    Later plaintiff Albert Mielke was injured and disappointed in employment.    Thoughts and desires of both himself and his wife, the other plaintiff, returned to the farm.    They filed this bill, alleging fraud and praying rescission, and, failing to prevail, they have appealed.

The question is of fact.    Plaintiffs as witnesses gave very unsatisfactory testimony, replete with inconsistent and contradictory statements.    Defendants' testimony is more credible.    Plaintiffs' allegations of fraud are not sustained by a preponderance of evidence. We mention but two of such allegations:    Plaintiffs profess to have been misled by defendants' statement that the value of their equities in the Detroit proper-

ties was nearly $6,000, and they point out that defendants had not paid that amount on the contracts. But, being pressed on the witness stand, plaintiffs admitted understanding of what was meant by "equity," and in effect destroyed the allegation of fraud. We find no fraud established with respect to the values placed on the properties for the purpose of exchange. Another matter relates to alleged padlocking of one of the Detroit properties. Of that the trial judge properly said:

"As to the padlocking proceeding, the evidence seems to amount only to a notice that had been posted on the premises by padlock proceedings or that such proceedings were pending. There is no evidence that an order had been issued padlocking the premises. In order to avoid any possibility of a padlocking occurring a bond was given and thus forestalled the order and it was accepted by the Federal authorities and the premises were never padlocked at all. That is the conclusion of the court as to that matter."

After considering all the evidence, we are in accord with the trial court.

Decree affirmed, with costs to defendants.

FLANNIGAN, C. J., and NORTH, FELLOWS, WIEST, MCDONALD, BIRD, and SHARPE, JJ., concurred.